IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IRENE BERTRAND, *on behalf of herself* *and others similarly situated,*  §§§ Plaintiff  §§§ vs.  §§ CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,  §§§ Defendant  § | CIVIL ACTION NO. 5:13-cv-13  Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiff Irene Bertrand files this Class Action Complaint on behalf of herself and a class of persons similarly situated. The allegations herein are based on Plaintiff's personal knowledge as to her own actions and conduct, and upon information and good-faith belief as to all other matters set forth.

### NATURE OF ACTION

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls, providing in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

*****

1

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740 (2012).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

5. Plaintiff Irene Bertrand is a natural person who at all relevant times resided in the State of Texas, County of Gonzales, and City of Cost.

6. Defendant Cellco Partnership d/b/a Verizon Wireless is a Delaware corporation.

7. Defendant provides wireless voice and data services and related equipment to consumers and business customers worldwide under the Verizon Wireless brand.

8. Defendant operates as a subsidiary of Verizon Communications Inc.

9. Defendant can be served through The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. Defendant's headquarters is located at One Verizon Way, Basking Ridge, NJ 07920.

## FACTUAL ALLEGATIONS

11. Prior to July 2012, Defendant began placing telephone calls to Plaintiff's cellular telephone number in an attempt to collect an alleged debt for internet services.

12. Plaintiff sent Defendant written communication dated August 7, 2012, and demanded that Defendant cease and desist from any and all further communications with Plaintiff. (See August 7, 2012 Correspondence, attached as Exhibit A).

13. Defendant received Plaintiff's cease and desist correspondence on August 14, 2012 at 8:32 A.M. (See USPS Delivery Confirmation, attached as Exhibit B).

14. Despite Plaintiff's express and unequivocal revocation of consent, if any existed, for Defendant to place any calls to Plaintiff, Defendant placed non-emergency calls to Plaintiff's cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- August 17, 2012 at 6:30 P.M.;
- August 22, 2012 at 5:17 P.M.;
- August 23, 2012 at 8:07 A.M.;
- August 25, 2012 at 1:15 P.M.;
- August 27, 2012 at 8:19 A.M.;
- August 27, 2012 at 11:35 A.M.;
- August 31, 2012 at 1:40 P.M.;
- September 5, 2012 at 6:07 P.M.;
- September 6, 2012 at 11:35 A.M.;
- September 7, 2012 at 6:25 P.M.;
- September 8, 2012 at 9:13 A.M.;
- September 10, 2012 at 10:02 A.M.;
- September 12, 2012 at 5:04 P.M.;
- September 13, 2012 at 9:44 A.M.;

- September 17, 2012 at 10:29 A.M.;
- September 18, 2012 at 8:54 A.M.;
- September 18, 2012 at 12:25 P.M;
- October 2, 2012 at 3:04 P.M.;
- October 9, 2012 at 12:10 P.M.;
- October 10, 2012 at 9:56 A.M.;
- October 10, 2012 at 10:42 A.M.;
- October 11, 2012 at 6:36 P.M.; and
- October 15, 2012 at 5:41 P.M.

15. During the September 17, 2012 telephone call, Plaintiff answered and listened to a pre-recorded message until Plaintiff was transferred to a live person.

16. During the September 17, 2012 telephone call, Plaintiff spoke with Defendant and again demanded that Defendant cease and desist from placing any and all further calls to Plaintiff.

17. During the September 17, 2012 conversation, Defendant advised Plaintiff that it would remove her name from its calling list.

18. Despite Plaintiff's repeated cease and desist demands, Defendant placed calls to Plaintiff on September 18, 2012 at 8:54 A.M., September 18, 2012 at 12:25 P.M, October 2, 2012 at 3:04 P.M., October 9, 2012 at 12:10 P.M., October 10, 2012 at 9:56 A.M., October 10, 2012 at 10:42 A.M., October 11, 2012 at 6:36 P.M. and October 15, 2012 at 5:41 P.M.

19. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

20. Upon information and good-faith belief, Defendant placed the telephone calls identified above to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice.

21. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

22. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number—any consent, if it existed, having been expressly revoked via the August 7, 2012 letter and again during the September 17, 2012 conversation.

23. Upon information and good-faith belief, Defendant placed the telephone calls identified above to Plaintiff voluntarily.

24. Upon information and good-faith belief, Defendant placed the telephone calls identified above to Plaintiff under its own free will.

25. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place each of the telephone calls identified above.

26. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place each of the telephone calls identified above.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b), and (c) as a representative of the following Class:

> All persons and entities throughout the United States (1) to whom Defendant made or caused to be made calls (2) directed to a number assigned to a cellular telephone, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, from four years prior to the filing of the initial complaint in this action to the present.

28. The proposed Class specifically excludes the United States of America, the State of Texas, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fifth Circuit, and the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

29. The Class is averred to be so numerous that joinder of all members is impracticable.

30. The exact number of members of the Class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

31. Upon information and good-faith belief, the proposed Class is ascertainable in that the names and addresses of all members of the Class can be identified in business records maintained by Defendant.

32. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Such issues include, but are not limited to:

   a) Defendant's violations of the TCPA as alleged herein;

   b) Defendant's use of an automatic telephone dialing system and/or an artificial or prerecorded voice;

   c) Defendant's identical conduct particular to the matters at issue;

  d) Whether Defendant acted voluntarily, under its own free will, had knowledge that it was using an automatic telephone dialing system and/or an artificial or prerecorded voice, and intended to use an automatic telephone dialing system and/or an artificial or prerecorded voice; and

  e) the availability of statutory penalties.

33. Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent.

34. Plaintiff and all members of the Class's claims originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each Class member. Like all proposed members of the Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system, and/or an artificial or prerecorded voice, in violation of 47 U.S.C. § 227. Thus, if brought and prosecuted individually, the claims of each of the members of the Class would require proof of the same material and substantive facts.

35. Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests that are contrary to or in conflict with the members of the Class.

36. Plaintiff is willing and prepared to serve this Court and the proposed Class.

37. Plaintiff has retained the services of counsel who are experienced and competent in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect, and otherwise represent Plaintiff and all absent Class members.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the proposed Class

would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

39. The prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the parties opposing the Class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the Class.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the proposed Class, making final declaratory or injunctive relief appropriate.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the proposed Class predominate over any questions affecting only individual members.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. As the damages suffered by individual members of the proposed Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them, as the costs of pursuit would far exceed what any one plaintiff or Class member has at stake. As a result, very little litigation has been commenced over the controversy alleged in this Complaint, and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions. Furthermore, the concentration of litigation of these claims in one forum will

achieve efficiency and promote judicial economy.

43. There will be no difficulty in the management of this action as a class action.

44. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(a)(iii)

45. Plaintiff repeats and re-alleges each and every allegation above.

46. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

47. Defendant willingly or knowingly violated 47 U.S.C. 227(b)(1)(A)(iii) as Defendant was advised that it did not have consent to call Plaintiff's cellular telephone on two separate occasions, yet repeatedly used an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number anyway.

48. As a result of Defendant's violations of 47 U.S.C. 227(b)(1)(A)(iii), Plaintiff and the Class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Federal Rule of Civil Procedure 23;

b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

c) Enjoining Defendant from continuing its violative behavior with respect to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(b)(3)(A);

    d) Awarding Plaintiff and members of the Class actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiff and members of the Class treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times actual damages, whichever is greater;

    f) Awarding Plaintiff and members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

    g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

49. Plaintiff is entitled to and demands a trial by jury.

Dated: January 7, 2013.

          Respectfully submitted,

          WEISBERG & MEYERS, LLC

          By: /s/Joseph Panvini
          Joseph Panvini
          jpanvini@attorneysforconsumers.com
          WEISBERG & MEYERS, LLC
          5025 N. Central Ave., #602
          Phoenix, AZ 85012
          Telephone:   (888) 595-9111
          Facsimile:   (866) 565-1327

          *Attorney for Plaintiff*
          IRENE BERTRAND